127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles BENJAMIN, Defendant-Appellant.
 No. 96-50625.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 9, 1997.**
Decided October 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, J. Spencer Letts, District Judge, Presiding; No. CR-96-00036-JSL.
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Charles Benjamin appeals the 262-month sentence he received following his conviction by a jury of two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). The district court rejected Benjamin's request for a downward adjustment for acceptance of responsibility. We affirm.
 
 
 3
 Because the parties are familiar with the facts, we need not recite them here.
 
 
 4
 * The determinative issue in this appeal is whether the district court erred by declining to apply a two-level downward adjustment for acceptance of responsibility.
 
 
 5
 Whether a defendant is entitled to an acceptance of responsibility reduction is a factual determination, subjected to a clearly erroneous standard of review. United States v. Felix, 87 F.3d 1057, 1060 (9th Cir.1996); see also U.S.S.G. § 3E1.1 cmt. n. 5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").
 
 II
 
 6
 Sentencing Guideline § 3E1.1(a) provides for a two level downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense[.]" In determining whether a defendant qualifies for a downward adjustment for acceptance of responsibility, the court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction," and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n. 1(a) & (h).
 
 
 7
 In this case, a jury convicted Benjamin on two counts of armed bank robbery. Even if, as Benjamin contends, he sufficiently manifested acceptance of responsibility for the Sumitomo robbery, he steadfastly refused to admit that he had a gun when he robbed the Citibank. Because Benjamin refused to admit to all the conduct comprising his two armed robbery convictions, the district court properly denied Benjamin a downward adjustment for acceptance of responsibility. See United States v. Ginn, 87 F.3d 367, 370 (9th Cir.1996).
 
 III
 
 8
 The district court may also consider the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n. 1(h). Although conviction by trial does not automatically preclude a defendant from consideration for a downward adjustment, id. § 3E1.1 cmt. n. 2, we have held that "this exception only applies to a defendant who contests some issue other than his factual guilt at trial." United States v. Davis, 36 F.3d 1424, 1435 (9th Cir.1994), cert. denied 513 U.S. 1171 (1995).
 
 
 9
 In this case, Benjamin contested his guilt at trial by presenting a mistaken identity defense. During his closing argument, Benjamin's counsel contended that Benjamin had not robbed the banks and that the witnesses who had identified him were mistaken. Thus, Benjamin did not contest "some issue other than his factual guilt at trial." Id.
 
 
 10
 Benjamin's reliance on United States v. Johnson, 956 F.2d 894 (9th Cir.1992), is unavailing. In Johnson, we held that the district court was not precluded from considering a downward adjustment because Johnson contested her guilt at trial. In that case, several defendants were charged with a variety of drug offenses. Johnson wanted to plead guilty, but the government refused to consider plea offers from any single defendant unless all the defendants pled guilty. Id. at 904-905. Johnson then contested her guilt at trial.
 
 
 11
 In this case, Benjamin contends that he had to contest his guilt at trial because the government would not have accepted his guilty plea unless he pled guilty to the Sumitomo and Citibank armed robberies and the Great Western Bank robbery.[1] Even if the government placed a condition on accepting Benjamin's guilty plea,[2] Benjamin, unlike the defendant in Johnson, had the option of pleading guilty to the indictment. Because Benjamin chose not to plead guilty and contested his guilt both at trial and in his sentencing position, Benjamin is not entitled to a downward adjustment for acceptance of responsibility.
 
 IV
 
 12
 Because Benjamin has not "clearly demonstrate[d] acceptance of responsibility," the district court did not err in declining to apply a two level downward adjustment. U.S.S.G. § 3E1.1(a).
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 During the trial, the court dismissed the third count of the indictment relating to the Great Western Bank robbery
 
 
 [2]
 Nothing in the record supports this assertion